## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALBERT GREEN, JR. (#285637)**  CIVIL ACTION NO.

**VERSUS**  19-506-BAJ-SDJ

**BURL CAIN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 10, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALBERT GREEN, JR. (#285637)**     **CIVIL ACTION NO.**

**VERSUS**     **19-506-BAJ-SDJ**

**BURL CAIN, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the complaint of Albert Green, Jr, an inmate confined at the Louisiana State Penitentiary in Angola, Louisiana, who is representing himself. Based on the screening process for such complaints, it is recommended that this matter be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### I.  Background

Green instituted this action pursuant to 42 U.S.C. § 1983 against Burl Cain, an unknown dentist, James M. LeBlanc, Sandy McCain, and the Department of Public Safety and Corrections, alleging his constitutional right to be free from cruel and unusual punishment was violated as a result of the defendants' exercising deliberate indifference to Green's serious medical needs.[1] He seeks injunctive and monetary relief.[2]

### II.  Law & Analysis

#### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 6.

similar standards for dismissal.³ Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"⁴ A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."⁵ The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.⁶ Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.⁷

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.⁸ Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.⁹ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"¹⁰ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."¹¹

---

³ § 1915(e) provides a procedural mechanism for dismissal of actions against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*. § 1915A provides a procedural mechanism for dismissal of claims by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on July 25, 2019 (R. Doc. 7) so both statutes apply.
⁴ *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
⁵ *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
⁶ *Denton,* 504 U.S. at 32.
⁷ *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
⁸ *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
⁹ *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
¹⁰ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
¹¹ *Id.*

Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[12]

### B. Green's claims are clearly prescribed

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. It is well established that federal courts borrow the forum state's general personal injury limitations period."[13]  In Louisiana, the relevant prescriptive period is one year.[14]  State law also governs tolling, unless the state provisions regarding tolling are inconsistent with federal law.[15]  Though the Louisiana prescriptive period of one year applies to Plaintiff's claims, federal law governs when his claims accrued.[16]  Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions.[17]  "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[18]

Plaintiff complains that when he arrived at LSP in *2008*, he made a dentist appointment and asked the dentist about having a tooth pulled.  According to the plaintiff, the dentist "deadened [his] tooth, but after he began, he realize…he had mistakenly pulled the wrong tooth."[19]  The

---

[12] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[13] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed. Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").
[14] La. C.C. art. 3492; *Clifford v. Gibbs*, 298F.3d 328, 332 (5th Cir. 2002).
[15] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).
[16] *Harris v. Hegmann*, 198F.3d 153, 157 (5th Cir. 1999).
[17] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).
[18] *Id.* (citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).
[19] R. Doc. 1, p. 5.

3

unknown dentist then, apparently, used a scalpel to cut out some of Green's teeth and placed gauzes in Green's mouth.[20] The next morning, the plaintiff awoke with a swollen mouth and was treated by another dentist, who allegedly stated "he was getting sued for this disaster."[21]

The only act of alleged unconstitutional conduct described in Green's complaint occurred in 2008, approximately eleven years before Plaintiff filed the instant complaint. Considering that Louisiana has a one year prescriptive period, and there is no indication that Plaintiff's claims should have been suspended, interrupted, or tolled for the nearly eleven year period that elapsed between when the cause of action accrued and the filing of suit, all claims arising from the alleged "malpractice" that occurred in 2008 at LSP are prescribed. Plaintiff alleges that his various grievances regarding the dental procedure were never answered, and though prescription is suspended[22] while a plaintiff's grievances or "ARPs" are pending,[23] the failure of a prison official to answer a grievance does not indefinitely suspend the prescriptive period.

With respect to the filing of grievances, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that generally requires the submission of an initial grievance to the warden's office at the inmate's facility.[24] Upon receipt, prison officials must provide a written response (the "First Step Response") within 40 days unless there is an extension requested or the grievance is placed on administrative backlog (because of other pending grievances).[25] If the inmate is not satisfied with the First Step Response, the inmate

---

[20] R. Doc. 1, p. 5.
[21] R. Doc. 1, p. 5. Based on a letter forwarded to the Court, Plaintiff appears to believe a "dirty scalpel" was used in the procedure. R. Doc. 11.
[22] When prescription is suspended, the period of suspension is not counted toward the accrual of prescription, but the time that passes when prescription is not suspended counts towards the prescriptive period. *Adams v. Stalder*, 934 So.2d 722 (La. App. 1st Cir. 2006). Suspension of prescription simply causes the clock to stop running, but when the suspension ends, the clock continues to run from where it left off. *Id.*
[23] *Alombro v. Tarver*, 2017 WL 2350242 (M.D. La. May 5, 2017).
[24] *See* 22 La. ADC, Part I, § 325.
[25] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a).

has five days after receipt to submit a Second Step appeal to the office of the Secretary of the Department. The Secretary's office then has an additional 45 days from "receipt" of the inmate's appeal to file a final Second Step Response.[26] Under the administrative rules, no more than 90 days may pass from the start to the completion of the process, unless an extension has been granted.[27] Further, an inmate may proceed to the next step without waiting for a response once the time allowed for a response has passed at any step of the administrative process.[28] "Critically, a prisoner who does not receive a timely response to his initial ARP is not prevented from filing a second-step ARP."[29]

Prescription is suspended while an ARP is pending because of the statutorily created impediment to filing suit, which requires an inmate to exhaust his claims prior to filing.[30] Under Louisiana law, once the time period to respond to an ARP has passed, there is no longer an impediment to filing suit because the inmate may proceed directly to court.[31] Thus, upon expiration of the time period for a response, there is no reason for prescription to be suspended; to read La. R.S. § 15:1172 otherwise, *i.e.*, requiring a final agency decision despite the time period for a response passing and the lack of an impediment to filing would result in absurd consequences. Thus, it is improper to interpret the law in this way.[32] Because approximately eleven years passed

---

[26] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b).
[27] *Id.*
[28] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).
[29] *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019).
[30] La. Civ. Code art. 3467; *Kron v. LeBlanc*, 2013 WL 823550, *2 (E.D. La. March 6, 2013).
[31] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).
[32] La. Civ. Code art. 9 ("When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written…."). Here to read the law simply as it is written could result in prescription being suspended indefinitely in some cases, which result would be absurd.

The Western District of Louisiana confronted this issue, and though two magistrate judges found that the suspension of prescription ceased when the plaintiff had the ability to file suit, *i.e.*, when 90 days from the filing of the grievance elapsed, the district court judge refused to adopt the recommendations and reached the opposite conclusion stating as follows:

> As to the issue of tolling and prescription, I find both reports to be more problematic. Both reports rely on Louisiana Administrate Code title 22, § 325(J)(1)(c) which provides the 90 day grievance period; both reports concluded that plaintiff's administrative remedies were exhausted when her

5

between the events complained of herein and the filing of Green's suit, his claims, both federal and state, are undoubtably prescribed and should be dismissed with prejudice.[33]

## RECOMMENDATION

**IT IS RECOMMENDED** all of the plaintiff's claims be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[34] and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on July 10, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

grievance was filed and the state's time (90 days total) for responding had expired. Neither report addresses Louisiana Revised Statute 15:1172 and the provision that expressly states that a prisoner's delictual actions are suspended until the final agency decision is delivered.

*Washington v. Friels*, Civil Action No. 15-02400, 2016 WL 1306004, at *3 (W.D. La. Mar. 31, 2016). This Court respectfully disagrees with the Western District's conclusion because, as stated, reading the statute to allow prescription to be suspended *ad infinitum* would be illogical and cannot be the intended purpose of the statute, especially considering, that § 325 relieves the impediment to filing suit once the time 90 day time period for resolving the grievance has elapsed. The case at hand perfectly illustrates the absurd result that could be reached by interpreting the statute literally. Here, the plaintiff alleges he filed grievances and never received a response; thus, a final agency decision has not been rendered despite the fact that the complained of action happened approximately eleven years before suit was filed. To say that prescription has been suspended all this time, despite the fact that plaintiff did not have any impediments to proceeding to the second step and, ultimately, to court, would be absurd.

[33] Considering the merits of Green's complaint, he would fair no better, as the facts alleged indicate no more than potential medical malpractice, and medical malpractice does not give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).

[34] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.