UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT GREEN, JR.    CIVIL ACTION

VERSUS

BURL CAIN, ET AL.    NO. 19-00506-BAJ-SDJ

### RULING AND ORDER

Before the Court is the Magistrate Judge's **Report And Recommendation (Doc. 12)**, recommending that the Court dismiss this action with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A because Plaintiff's claims are clearly prescribed. (Doc. 12). Plaintiff has filed an Objection to the Report and Recommendation, asserting that although he filed suit 11 years after his alleged injury, he is still within his rights under federal law. (Doc. 13). Plaintiff asks the Court to "look past" the time limitation as he was not aware that a time limitation was in effect. (*Id.*).

The Court cannot simply look past the time limitation, as "[i]t is well established that mere ignorance of the law for any reason, including lack of counsel, does not toll a statute of limitations." *Bluitt v. Houston Indep. Sch. Dist.*, 236 F. Supp. 2d 703, 718 (S.D. Tex. 2002); *see also Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000) (Garza, E. dissenting) ("The majority is correct to note that ignorance of the law is not itself a basis for equitable tolling of a statute of limitations, even for pro se prisoners."). Despite Plaintiff's lack of knowledge

1

regarding the relevant time limitation, Plaintiff had one year in which to file suit. *See Crane v. Childers*, 655 F. App'x 203, 204 (5th Cir. 2016) (finding that plaintiff's state law and 42 U.S.C. § 1983 claims were subject to the one-year prescriptive period for delictual actions under Louisiana law because the court borrows the forum state's general personal injury limitations period when determining whether such actions are time barred following the date of accrual); *see also* La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year."). As Plaintiff filed suit 11 years after his alleged injury, his claims are clearly prescribed.

Having carefully considered the underlying Complaint, Plaintiff's Objection, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein. Accordingly,

**IT IS ORDERED** that the above-captioned matter be and is hereby **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Baton Rouge, Louisiana, this 10th day of December, 2020

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA